UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LISA JOHNSON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 4:14CV1720 JCH |
| | ) |
| LOU FUSZ AUTOMOTIVE | ) |
| NETWORK, INC., | ) |
| | ) |
|     Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion for Remand, filed November 7, 2014. (ECF No. 14). The motion is fully briefed and ready for disposition.

**BACKGROUND**

On or about October 9, 2013, Plaintiff Lisa Johnson filed a Petition ("Complaint") in the Circuit Court of Saint Louis County, Missouri. (ECF No. 6). In her Complaint Plaintiff alleged associational disability discrimination, in violation of the Missouri Human Rights Act, § 213.010 R.S.Mo. *et seq.*[1] Plaintiff did not specifically assert a claim regarding the denial of a benefit or right under an ERISA[2] based plan. The Complaint was replete, however, with references to Defendant's medical insurance policy and Plaintiff's loss of benefits thereunder. For example, after noting that she had consistently received positive performance evaluations and was never the subject of disciplinary measures, and then detailing the disability her son Colson suffers, Plaintiff alleged as follows:

---

1 Plaintiff also asserted a claim for unpaid wages, in violation of Missouri's wage and hour laws, but that claim is not at issue here.

31. From 2006 (the year of Colson's disability onset) until Johnson's termination from Defendant on January 24, 2013, medical costs associated with monitoring and treating Colson's brain AVMs were covered by the health insurance policy provided through Johnson's employment with Defendant.

32. The serious and continuing nature of Colson's medical condition led to increased costs in the medical insurance provided to Johnson as a benefit of her employment with Defendant….

38. Defendant knew Johnson's insurance policy covered costs associated with Colson's treatment for brain AVMs.

39. Defendant was aware of incurring continuing and increasing costs associated with insuring Johnson's family as a result of Colson's disability.

40. During a telephone conversation between Defendant and Johnson on January 24, 2013, Defendant terminated Johnson's employment from Defendant.

41. During the telephone conversation in which Defendant terminated Johnson's employment, Defendant informed Johnson that Defendant eliminated her Fleet Leasing Agent position to "cut company employment costs."

42. During the telephone conversation in which Defendant terminated Johnson's employment, Defendant repeatedly mentioned Colson's disability, and how Johnson's termination placed her in a "bad position" regarding Colson's medical costs.

43. During the telephone conversation in which Defendant terminated Johnson's employment, Defendant directly stated to Johnson that she would no longer be able to rely on the insurance policy provided by Defendant to cover Colson's extensive medical expenses, but that Johnson could receive COBRA benefits or unemployment compensation to help cover Colson's medical costs….

48. Defendant was aware of the extensive expenses it incurred as a result of insuring Colson's medical care through Johnson.

49. Defendant further knew that Colson would require consistent medical monitoring, hospital stays, and treatment for his continuing disability….

52. Johnson's association with Colson served as a contributing or motivating factor in the decision of Defendant to terminate Johnson.

53. Defendant evidenced that Johnson's association with Colson served as a contributing factor to their decision to terminate Johnson in numerous ways, including, but not

---

2 Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.*

limited to: Defendant's direct statements tying the termination to animus and Colson's medical coverage and associated expenses; Defendant failed to offer Johnson an alternate job, but offered employees from the Business Development Group alternate jobs with Defendant after eliminating their position; and Defendant had knowledge of Colson's disability and the fact that Defendant would continue to face the cost of insuring Colson's necessary and continuing medical treatment through Johnson.

(Compl., ¶¶ 31-32, 38-43, 48-49, 52-53).

During the proceedings in Missouri state court, Defendant took Plaintiff's deposition on September 17, 2014. Defendant questioned Plaintiff extensively regarding her loss of medical insurance benefits. (*See* Plaintiff's deposition excerpts, attached to Defendant's Notice of Removal as Exh. B). The following exchange took place between Plaintiff and Defendant's attorney:

> Q So it's my understanding that you are alleging in the lawsuit that Lou Fusz discriminated against you based on the cost of Colson's disability; is that correct?
>
> A Yes.
>
> Q And that in order to avoid paying for the medical insurance, the increasing costs of his treatment and insurance, that was the reason that your employment was terminated?
>
> A Yes….
>
> Q And the desire to avoid making those payments was the motivating factor behind your termination of employment?
>
> A I think that they reasoned in having to subsidize his continuing healthcare costs, yes.
>
> Q Are you aware of any statements that were made that lead you to believe that the desire to avoid paying Colson's healthcare cost motivated your termination?
>
> A I was a little suspicious, looking back at it, Peter making the comment to me on the phone that he knew that it was leaving me in a bind with Colson and insurance.

(*Id.*, PP. 261-63).

Defendant removed Plaintiff's Complaint to this Court on October 8, 2014. (ECF No. 1). As support for its removal, Defendant asserts Plaintiff's state law disability discrimination claim is

completely preempted by ERISA, as she claims Defendant's desire to avoid paying for her insurance was the motivating factor in its decision to discharge her. (*Id.*, ¶ 6). Defendant thus maintains the case properly is removable to federal court, even though Plaintiff failed to invoke ERISA in her Complaint. (*Id.*, ¶¶ 8, 23-24).

As stated above, Plaintiff filed the instant Motion for Remand on November 7, 2014, asserting (1) that Defendant's removal was untimely under 28 U.S.C. § 1446(b), as it was effected more than thirty days after removability became ascertainable, and (2) that Plaintiff's state law disability discrimination claim is not preempted by ERISA in any event. (ECF No. 14). Because the Court finds Defendant did not timely file its notice of removal from state court, it will not consider the parties' substantive ERISA arguments.

## **DISCUSSION**

As noted above, Plaintiff contends Defendant's notice of removal was not timely under 28 U.S.C. § 1446(b), which provides in relevant part as follows:

> (1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based,….
>
> (3) [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

The parties do not dispute the dates on which the above described events occurred. Instead, at issue is when the thirty-day removal period began. *See McHugh v. Physicians Health Plan of Greater St. Louis, Inc.*, 953 F.Supp. 296, 299 (E.D. Mo. 1997). Defendant asserts the period began to run on the date of Plaintiff's deposition, September 17, 2014, because it was only then that it became clear the factual underpinning of Plaintiff's disability discrimination claim was that Defendant terminated her to avoid paying for employer-provided health insurance. (*See* Defendant's

Notice of Removal, ¶¶ 6, 17-22). Plaintiff counters that, even assuming Defendant's theory regarding removability to be correct, the alleged motivating factor for her termination was obvious from the face of her Complaint, and her deposition testimony revealed nothing that was not already evident from her Complaint, charge of discrimination and written discovery responses. (*See* Memorandum of Law in Support of Plaintiff's Motion for Remand, PP. 10-11).[3]

The § 1446(b) time limit, while not jurisdictional, is mandatory, and "a timely motion to remand for failure to observe the thirty-day limit will be granted." *McHugh*, 953 F.Supp. at 299 (citation omitted); *see also Johnson v. Wyeth*, 2012 WL 1829868, at *3 (E.D. Mo. May 18, 2012). Furthermore, "[r]emoval statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand." *Manning v. Wal-Mart Stores East, Inc.*, 304 F.Supp.2d 1146, 1148 (E.D. Mo. 2004) (citation omitted). Thus, "[a] defendant who fails to remove within the thirty-day period waives the right to remove at a later time." *McHugh*, 953 F.Supp. at 299 (citation omitted).

The Court recognizes that Plaintiff's Complaint does not specifically allege Defendant's desire to avoid the increased cost of providing Plaintiff's son's coverage under its health insurance plan was the motivating factor in its decision to discharge Plaintiff. In determining whether a basis for removal was ascertainable, however, judges in the Eastern District of Missouri have examined whether the defendant had "clues" regarding the existence of federal jurisdiction, and whether it timely pursued those "clues." *See Johnson*, 2012 WL 1829868, at *5; *Bachman v. A.G. Edwards, Inc.*, 2009 WL 2182345, at *3-5 (E.D. Mo. Jul. 22, 2009); *Stewart v. Mayberry*, 2009 WL 1735773, at *2-3 (E.D. Mo. Jun. 18, 2009); *McHugh*, 953 F.Supp. at 300. Defendant here received a "clue" regarding the existence of federal jurisdiction upon the filing of Plaintiff's Complaint, as her

---

3 Plaintiff does not concede that ERISA applies here, but merely asserts Defendant's contention that it does was apparent

allegations focus almost exclusively on the termination of her benefits under Defendant's health insurance plan. While Defendant points to Plaintiff's deposition as the time when the motivating factor for her termination became clear, the Court agrees with Plaintiff that her testimony in response to Defendant's leading questions added nothing to what she previously had alleged in her charge of discrimination, Complaint, and written discovery responses. The occasion of her deposition thus did not provide a new opportunity for Defendant to remove.[4] Therefore, because Defendant did not file its notice of removal within thirty days of the date Plaintiff filed her Complaint in state court, the notice of removal was untimely under 28 U.S.C. § 1446(b), and the case must be remanded to Missouri state court.[5]

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Remand (ECF No. 14) is **GRANTED**, and this case is **REMANDED** to the Circuit Court of the County of St. Louis, State of Missouri. An appropriate Order of Remand will accompany this Order.

Dated this 22nd Day of December, 2014.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

from the time she filed her Complaint. *See McHugh*, 953 F.Supp. at 299 n. 2.

4 Defendant relies heavily on *Felton v. Unisource Corp.*, 940 F.2d 503 (9th Cir. 1991). The Court finds *Felton* to be distinguishable, however, as in that case the plaintiff's complaint contained no factual allegations regarding why the termination at issue was wrongful; instead, the defendant learned for the first time at plaintiff's deposition that his claims arose out of defendant's alleged desire to avoid medical insurance payments. *Id.* at 507. The same is not true here, as Plaintiff's Complaint contains ample evidence her claim may be based on Defendant's termination of benefits.

5 The Court will deny Plaintiff's request for attorney's fees and costs associated with bringing this Motion for Remand, however, as Defendant had an objectively reasonable basis for removal. *See Avenevoli v. Lockton Companies, Inc.*, 2008 WL 509545, at *4 (E.D. Mo. Feb. 22, 2008), citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).